NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ALONDRA HERNANDEZ SOLORZANO; ASHLEY ALEJANDRA HERNANDEZ SOLORZANO; JONATHAN JESUS RAMIREZ HERNANDEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1860 <br><br> Agency Nos. <br> A216-272-007 <br> A216-272-008 <br> A216-272-009 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2024[**]
San Francisco, California

Before: KOH and JOHNSTONE, Circuit Judges, and SIMON, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Alondra Hernandez Solorzano and her children Ashley Alejandra Hernandez Solorzano and Jonathan Jesus Ramirez Hernandez, all natives and citizens of Mexico, petition for review of a Board of Immigration Appeals (BIA) decision affirming an Immigration Judge (IJ) order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Reviewing legal conclusions de novo and factual findings for substantial evidence, *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022), we deny the petition.

The BIA affirmed the IJ's decision on the basis that Hernandez Solorzano did not establish that she is unable to relocate within Mexico to avoid future harm. Because this determination is dispositive of all of Hernandez Solorzano's claims, we need not address the IJ's additional reasons for denying relief. To the extent that the BIA incorporated parts of the IJ's decision as its own, "we treat the incorporated parts of the IJ's decision as the BIA's." *Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018) (quoting *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002)).

Substantial evidence supports the BIA's conclusion that it would not be unreasonable for Hernandez Solorzano to relocate within Mexico to avoid future persecution. Because Hernandez Solorzano concedes that she has not established past persecution (and does not contend that future persecution would be at the

hands of the government), she bears the burden of establishing that it would not be reasonable for her to relocate to avoid future persecution. *See* 8 C.F.R. §§ 1208.13(b)(3)(i) (asylum), 1208.16(b)(3)(i) (withholding of removal); *Maldonado v. Lynch*, 786 F.3d 1155, 1163–64 (9th Cir. 2015) (en banc) (petitioners seeking CAT protection carry "the overall burden of proof" to demonstrate a likelihood of torture, one relevant factor of which is the "possibility of relocation within the country of removal").

The IJ found that Hernandez Solorzano's mother, father, and uncle—the latter two of whom were directly threatened—have all successfully relocated within Mexico without harassment or violence. The IJ further concluded that Hernandez Solorzano could avoid future persecution by similarly relocating. Hernandez Solorzano offers no particularized evidence to dispute this finding, only her speculation that it would not be "illogical" to conclude that the gang members who threatened her family would follow her family to another region of Mexico. To be sure, Hernandez Solorzano points to widespread violence in Mexico, including the state to which her family members relocated. Such evidence, however (some of which is not in the record), does not "compel[] a contrary conclusion" to that of the BIA. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

22-1860

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for stay of removal is otherwise denied.